IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEMIEN DESANDIES**, *Plaintiff,* v. **ENCORE GROUP (USA), LLC,** *Defendant.* | Case No. 2:24-cv-01044-JDW |

## **MEMORANDUM**

Lawyers—especially defense lawyers—are naturally risk averse. Were it otherwise, they would all have taken their considerable talents to riskier ventures in life. But risk aversion has its limits. Federal Rules Of Civil Procedure 11 requires lawyers to have a good faith basis to make an assertion in a pleading or other filing. A good faith basis requires more than just a worry that something might happen. It means that a lawyer has a reason to think that the claims in the case warrant the assertion.

This case offers an example of a lawyer's risk aversion overwhelming the requirement that there be a good faith basis to assert an affirmative defense. When Defendant Encore Group (USA) LLC answered the Complaint in this case, it worried that Plaintiff Demien DeSandies would assert time-barred claims at some point in the future, even though he hasn't done so as of today. So, Encore Group asserted a statute of limitations defense on a prophylactic basis to protect itself. It justifies its assertion by

arguing that it didn't want to waive the defense. But that's not how pleading works. Encore Group had to have a good faith basis to claim that the statute of limitations applies to one of the claims that Mr. DeSandies asserts against it. By its own admission, it doesn't have that basis. Its Answer therefore violates Rule 11. I gave it a chance to correct this problem, and it refused. I will therefore strike Encore Group's affirmative defenses, though it can seek leave to amend its answer to re-assert any for which it has a good faith basis.

I.  **BACKGROUND**

On March 11, 2024, Mr. DeSandies filed a complaint against Encore Group asserting violations of the Americans with Disabilities Act. In his Complaint, Mr. DeSandies states he intends to assert additional claims pursuant to the Pennsylvania Human Relations Act once they have been administratively exhausted.

Encore Group filed an answer that includes ten affirmative defenses. The first affirmative defense asserts, "Plaintiff is barred from asserting all claims arising outside of the applicable statute(s) of limitations." (ECF No. 6 at 4.) Upon my review of the answer, it appeared that Encore Group asserted its first affirmative defense on a prophylactic basis, rather than because it thinks there is a claim in the case that the statute of limitations bars. I therefore issued an Order directing Encore Group either to (a) file an amended Answer, asserting only those defenses for which it had a good faith basis, or (b) file a Memorandum explaining why I should not strike its Answer for violating Fed. R. Civ. P. 11(b). Encore

Group chose to defend its Answer rather than amend. I now address the justifications that it offers.

## II. ANALYSIS

### A. Whether Sanctions Are Appropriate

Federal Rule of Civil Procedure 11 provides that an attorney who submits a "pleading, written motion, and other paper" to a court "certifies to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that the "claims defenses and other legal contentions are warranted by existing law" and that the "factual contentions have evidentiary support …." Fed. R. Civ P. 11(b)(2), (3). A court may sanction an attorney who violates this rule, including on the court's own initiative, after giving the person subject to sanctions notice and a reasonable opportunity to respond. *See* Fed. R. Civ. P. 11(c)(1), (3). To determine whether conduct is reasonable under the circumstances, courts consider whether the attorney had objective knowledge or belief at the time of the filing of a challenged paper that the claim was well-grounded in law and fact. *See Ford Motor Co. v. Summit Motor Prods.*, 930 F.3d 277, 289 (3d Cir. 1991); *Brice v. Hoffert*, Case No. 5:15-cv-4020, 2019 WL 3712013, at * 2 (E.D. Pa. Aug. 7, 2019). A court should apply sanctions only in the exceptional circumstance where a claim or motion is "patently unmeritorious or frivolous." *Ario v. Underwriting Members of Syndicate 53*, 857 F.2d 191, 194 (3d Cir. 1988).

Encore Group's assertion of the statute of limitations violated Rule 11. The answer is a pleading, so Rule 11 applies to the assertions in it, including the affirmative defenses. *See Greenspan v. Platinum Healthcare Grp., LLC*, Case No. 2:20-cv-05874-JDW, 2021 WL 978899, at * 2 (E.D. Pa. Mar. 16, 2021). Yet Encore Group did not assert this affirmative defense because it had a good faith basis to claim that it has evidentiary support. Mr. DeSandies's Complaint alleges that he filed a Charge of Discrimination with the EEOC within the prescribed 300-day window and that he initiated this suit within ninety days of receipt of a Right to Sue letter. From the facts alleged, there does not appear to be any good faith basis to believe that the claims Mr. DeSandies's asserts could fail for timeliness.

Although Encore Group defends its assertion of this defense, its Memorandum demonstrates that it lacked a good faith basis to assert the defense. *First*, Encore Group argues that it "cannot know when [Mr. DeSandies] may file [a PHRA] claim or what it would allege," so it was "obligated to preserve a statute of limitations defense to any PHRA claims ...." (ECF No. 14 at 3.) But Rule 11 doesn't permit Encore Group to assert an affirmative defense to an inchoate claim that Mr. DeSandies *might* assert in the future, when Encore Group doesn't know if the defense will apply. That's the definition of a prophylactic defense.

*Second*, Encore Group argues that it asserted the statute of limitations defense "given the possibility that [Mr. DeSandies] offers testimony during discovery regarding any alleged ADA violation that is outside the applicable statute of limitations." (*Id.*) Again,

4

Mr. DeSandies hasn't asserted any claims about actions outside the statute of limitations. The claims in the Complaint are within the relevant time limit, and Mr. DeSandies hasn't testified. He might in the future, but that mere possibility does not give Encore Group a good faith basis to assert the affirmative defense now. If Mr. DeSandies does something to change the scope of the claims in the case in discovery, then Encore Group's remedy is to ask for leave to amend its Answer to assert new affirmative defenses at that point, not to assert them now without a basis to do so.

These improper assertions of affirmative defenses warrant sanctions. The assertion of prophylactic affirmative defenses is not harmless. It expands discovery in the case and makes it harder to get cases to resolution. A plaintiff's lawyer faced with a multitude of prophylactic affirmative defenses must serve interrogatories to ferret out the factual basis for each defense. If there is not such a basis, the plaintiff's counsel either has to file a motion or persuade defense counsel to withdraw that defense, all for a defense that should not have been in the case in the first place. Permitting such a practice would not help "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. It would do just the opposite by adding to the proceedings.

To understand the problem with prophylactic affirmative defenses, consider the inverse situation. A plaintiff, wary of waiver or of letting the statute of limitations lapse, might assert a bevy of claims for which he has no good faith basis and then argue (as Encore Group argues in this case) that he doesn't know what the defendant will say at

deposition or what he'll learn through other discovery. If a plaintiff filed a RICO or civil rights claim without a basis, in the interest of avoiding some nebulous wavier, the defendant would rightly seek sanctions. The same standards apply to defendants, who must frame the case based on the facts they know and in response to the claims that a plaintiff asserts, not the claims that they fear a plaintiff might assert later in the case.

### B. What Sanctions Are Appropriate

The sanctions that a court imposes "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated" and "may include nonmonetary directives." Fed. R. Civ. P. 11(c)(4). Encore Group has incurred the cost of responding to my show-cause order by filing a Memorandum. Under the circumstances, the appropriate sanction is to strike all of Encore Group's affirmative defenses. The key here is that I'm striking all of the affirmative defenses, and not just the statute of limitations defense that Encore filed without a good faith basis. There's a reason for that.

If I only struck the statute of limitations defense, then I would signal to Encore Group and future defendants that there's no penalty for filing affirmative defenses prophylactically. A defendant could file all the defenses that it fears waiving, file a brief explaining itself, and then have me narrow things down. From a defense perspective, no harm, no foul, and no reason to limit the asserted defenses to the ones for which the defendant has a good faith basis. So, to make sure that Encore Group and other litigants

6

understand that violating Rule 11 has a real consequence, I will strike all of Encore Group's affirmative defenses. However, I'm not going to prejudice Encore Group on a permanent basis, particularly because the risk aversion that led to this situation likely stems from its counsel, not from the company itself. If Encore Group has a good faith basis to assert any affirmative defense (including one that I've struck), it can seek leave to amend its answer to assert that defense.

### III.    CONCLUSION

Pleadings are not an opportunity for lawyers to throw things against the wall and see what sticks. Rule 11 requires lawyers to give some thought to the assertions that they include in pleadings before they file them. Defense lawyers might ask, "What are we to do?" And the answer is, assert the defenses for which you have a basis and then see how the case develops. If something new creates a reason to assert new affirmative defenses, then ask for leave to do that, either under Rule 15 or Rules 15 and 16, as appropriate. Encore Group and its counsel didn't do that. I therefore impose sanctions and strike Encore Group's affirmative defenses. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

April 19, 2024